John D. Bennett, S.
This is an accounting proceeding in which two sets of objections are before the court for determination.
The objections of Bichard Cohen to the intermediate account seek to surcharge the executors for their failure to avail themselves of Section 6166 of the Internal Bevenue Code which permits the Executors to pay in installments such part of the Federal Estate Taxes attributable to the value of interests in closely-held businesses.” The two remaining objections are intertwined with the first in that they relate to the “ inopportune ” sale of assets allegedly caused by a need for funds to pay estate taxes.
At the hearing the petitioners moved to dismiss all three objections by Bichard Cohen as a matter of law. Testimony was taken which clearly demonstrated that at the time of the contract of sale of the real property owned by Darold Bealty Corporation, section 6166 of the Internal Bevenue Code had not as yet been enacted into law, and accordingly the executors could not have taken advantage at that time of a nonexistant provision for the payment of estate taxes in installment payments.
After the law took effect and at the time of payment of a large portion of the Federal estate taxes, the funds from which such payment was made consisted in most part of short-term government obligations which yielded a lower rate of interest than the 4% which the estate would have had to pay on the unpaid balance of the estate tax. It would appear that the estate benefited by this large payment of a portion of the Federal estate taxes. Since such payment was beneficial to the estate, it is unnecessary to take testimony as to whether the executors acted prudently under all the circumstances. The motion to dismiss the objections of Bichard Cohen is accordingly granted.
The objections of Daniel Cohen relate to the rejection of his claim against the estate. The claim arises from transactions with the decedent in which the objectant, a son of the decedent, was promised that if he travelled from California to construct a building for his father, the latter would give him the building upon its completion. The decedent apparently departed from his promise and instead insisted that his other children share in certain funds belonging to the corporation which had constructed the building. The objectant agreed to this modification with the condition that if as a result of his loaning money from the corporation to make the payments required by his father, such payments should be considered taxable distributions to *367 him, in such event the decedent would himself pay his son’s income tax liability. There is some question whether the object-ant was required to first pay such tax liability before reimbursement, but the court is of the opinion that under the facts present the liability of the objectant to pay the taxes is sufficiently fixed and definite as to require the payment of such liability by the estáte at this time. The parties have stipulated that the sum of $14,250 represents the amount of the objectant’s income tax liability as a result of the loan made by him from the' Corporation, and the court sustains the objection and allows hig claim to that extent, with interest at 6% from March, 1953.
If there be no objection, one third of such sum to be paid to Daniel Cohen is directed to be paid to A. Martin Lerner, Esq., in accordance with a direction filed with this court by him. The balance of two thirds of the amount due Daniel Cohen may be directed to be paid to him or in accordance with any further direction he may wish to file with this court prior to the signing of the decree.
There being no objection, the fees and disbursements are fixed in the amounts requested.
Settle decree on five days’ notice.